RICHARD F. BOND vs. AUGUSTUS N. CLARK.

If the officers of a joint stock company incorporated under *St.* 1851, *c.* 133, have made and deposited the certificate provided for by § 9 of that statute, as authorized by *St.* 1854, *c.* 438, they will not be personally liable for a debt contracted by the company before the expiration of the month of the following year which corresponds with that in which the certificate was so deposited.

One who has charged against a corporation in his books of account the price of articles procured for them, but never delivered and accepted, as due at the time when they were ready for delivery and acceptance, and has recovered a judgment against the corporation upon his account made up as due at that time, with interest thereafter, cannot afterwards, in an action brought for the purpose of holding the officers of the company personally responsible therefor, aver that the debt was not due until a later date.

CONTRACT against the treasurer of the National Steam Gauge Company, a joint stock company incorporated under *St.* 1851, *c.* 133, to recover the amount of a judgment recovered by the plaintiff against that company. Upon agreed facts, which are stated in the opinion, judgment was rendered in the superior court for the defendant; and the plaintiff appealed to this court.

*A. Jackson & B. G. Gray*, for the plaintiff.

*A. C. Washburn*, for the defendant.

MERRICK, J. By the provisions of *St.* 1851, *c.* 133, § 9, the directors of every corporation formed and organized under that act are required to make annually in the month of January a certificate containing a statement of certain facts and particulars, which is to be signed and sworn to by the president, treasurer and a majority of the directors, and to deposit the same with the clerk of the town or city within which such corporation is located. This requirement would be fully complied with by making and filing the certificate at any time during the month of January. But this provision of the statute is so far modified by *St.* 1854, *c.* 438, § 1, that such certificate, containing the required statements as to the condition of the corporation on the first day of the month then next pending, may be made at any time in each year. Consequently, if the directors make and deposit the proper certificate in any month during the year, they will perform the duty required of them, if they make a

similar certificate at any time during the corresponding month in the next ensuing year; and they will be guilty of no neglect of duty in that respect by failing or omitting to make and deposit a new certificate, until after the expiration of such corresponding month.

By § 11 of the first named statute, if the officers of such corporation shall refuse or neglect to perform the duties required of them in § 9, they shall be jointly and severally liable for all debts of such corporation in the same manner and to the same extent as the neglect or refusal to comply with the requirements of Rev. Sts. *c.* 38, §§ 17, 18, does by law render the officers therein mentioned liable. And, on recurring to those sections, it appears that such officers will be liable, in the cases provided for, if they shall fail or neglect to make and cause to be duly recorded the certificates therein mentioned within the time prescribed, for all the debts of the corporation contracted after that time and before such certificate shall be duly made and recorded. Therefore the officers of the corporation under § 11 will be liable for all its debts contracted after the time when the certificate required by § 9, as modified by *St.* 1854, *c.* 438, is by virtue of its provisions to be made and deposited with the town or city clerk. Thus if the certificate is duly made and deposited in any month during one year, the officers will be liable for debts contracted after the expiration of the whole corresponding month of the year next ensuing, if they shall not within that time have made and deposited a new certificate of the like kind, and they will continue to be so liable for debts contracted until the proper certificate is made and deposited by the directors. But they will not be liable for any debt contracted during or until after the expiration of the whole of said corresponding month.

To apply these rules to the present case, it will appear that the defendant, as treasurer of the National Steam Gauge Company, is not liable to the plaintiff for the debt due to him from that corporation, if it was contracted during the month of October 1859, for it is an agreed fact that the directors did in the month of October 1858 comply with all the requirements of

law in making and depositing with the city clerk of the city of Boston the proper and prescribed certificate.

And it is clear that that debt was contracted within and before the expiration of the last named month. It so appears, both from the plaintiff's own statement, and from the facts reported. In the account annexed to the writ which the plaintiff sued out against the corporation, and upon which he finally recovered the judgment alleged and referred to in the declaration in the present case, the " time-piece movements," that is, the debt alleged to be due to him, are charged under date of October 24, 1859 ; to which is added interest to May 21, 1860, and then, giving credit for a payment made to him, the plaintiff adds the further charge of interest upon the balance to the day of the date of his writ. The rightfulness of making the charge at that date does not appear to have been questioned by the defendants in that suit. Nor had they any ground for making such an objection. The " time-piece movements," which the plaintiff ordered from Geneva in pursuance of his agreement with the agent of the corporation, arrived on the 30th of September ; and the corporation was immediately notified of it. But they were found on examination to be variant from the order in a single particular ; and the plaintiff undertook to make the alteration necessary to have them correspond with the order, at his own expense and free of charge to the corporation. This was assented to, and " in a few days " one of the movements was satisfactorily altered and delivered and accepted. He proceeded with the alteration of the others, and on the 24th of October charged the whole of them in his account against the corporation. By this charge he asserted that they were then ready for delivery ; and, this being so, the corporation therefore became bound immediately to accept and pay for them. Or, in other words, the debt for which the plaintiff seeks to charge the defendant in the present action was contracted by the corporation and became due at that date. This was before there had been any neglect or omission on the part of the directors to make and deposit with the city clerk the prescribed certificate ; and consequently none of the officers of the corporation are liable for it under the provisions of the several statutes above referred to.

The judgment rendered in the superior court for the defendant was therefore correct; and it must accordingly be affirmed.